SCHWARTZ, Chief Judge.
The county court sua sponte dismissed an action for residential eviction and past due rent because the three day letter[1] served pursuant to section 83.56(3), Florida Statutes (1989), incorporated a demand— that the rent be paid “in cash” — which does not explicitly appear in the form set out in the statute.[2] On appeal, the circuit court agreed, but we quash the judgment of af-firmance.
*1368 It is clear that the “cash” requirement, far from rendering the notice invalid, amounted to no more than a redundancy: under the law any demand for payment itself implies that it may be met only by a discharge of the obligation “in money.” 39 Fla.Jur.2d Payment and Tender § 16 (1982). It is thus clear that the notice before us comports with the statutory admonition that “[t]he 3-day notice shall contain a statement in substantially” the form stated. § 83.56(3), Fla.Stat. (1989) [e.s.]. In so holding, we approve and adopt Judge Green’s dissenting opinion in the circuit court:
I must respectfully dissent with the majority opinion as I do not find that a landlord’s requirement of a cash payment for back rent owed in the mandatory three (3) day notice pursuant to Florida Statute 83.56(3) is fatally defective in an eviction proceeding.
It is clear that the legislative intent of this statute is to require a landlord to formally place a tenant on notice of any rent owed and either exact payment for the same or possession within three (3) days prior to the institution of an eviction proceeding. A landlord’s requirement in the three (3) day notice that payment for back rent be made in cash is certainly not inconsistent with the intent of this statute. More importantly, however, a demand for payment in cash is not prejudicial to the tenant and does not impose any greater obligation on the tenant than he already has under this law — i.e. satisfy his indebtedness or vacate the premises.
On the other hand, in disallowing a landlord to exact cash from a tenant in the three (3) day notice, this court is effectively eliminating a means whereby a landlord could limit his losses from “deadbeat” tenants who have had a history of tendering worthless checks to the landlord as payment for the rent. In such situations a landlord would now, according to the majority opinion, be required to accept worthless checks and attempt to negotiate them at the bank (and thereby incur additional service charges) before he could seek legal redress from the court in an eviction proceeding.
Clearly, this would be a rather untenable result which I don’t believe was intended by the legislature when it enacted F.S. 83.56(3). I would thus reverse the trial court’s ruling and would find that a three (3) day notice requiring that payment be made in cash is in substantial compliance with the intent of F.S. 83.56(3).
Certiorari granted.

. The letter stated:
You are hereby notified that you are indebted to me in the sum of $395 for rent and use of the premises located at 7101 S.W. 89th Court, Apartment 102, Miami, Dade County, Florida, now occupied by you. That rent was due on October 1, 1989, and I demand payment of the said rent in cash or possession of said premises within 3 days (excluding Saturdays, Sundays, or legal holidays) from the date of delivery of this notice, to wit: on or before October 16, 1989.

. The statutory form provides:
You are hereby notified that you are indebted to me in the sum of_ dollars for the rent and use of the premises (address of leased *1368 premises, including county), Florida, now occupied by you and that I demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the - day of __, 19_
§ 83.56(3), Fla.Stat. (1989).